**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2797-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEPHEN B. RODNER,

     Defendant-Appellant.

_____

Argued February 12, 2024 – Decided February 28, 2024

Before Judges Marczyk and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. MA-2022-18.

Judith Ellen Rodner argued the cause for appellant.

Stephen Anton Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Stephen Anton Pogany, on the brief).

PER CURIAM

Defendant Stephen B. Rodner appeals from his conviction for failure to yield the right of way, N.J.S.A. 39:4-90, after a trial de novo in the Law Division. Based on our review of the record and applicable legal principles, we affirm.

We summarize the facts developed in the record. Defendant was involved in a motor vehicle accident at the intersection of Blanchard Road and North Wyoming Avenue in South Orange and was issued a summons for failure to yield the right of way, N.J.S.A. 39:4-90. Defendant pleaded not guilty, and a trial was held in South Orange Municipal Court. South Orange Police Officer Jose Albino testified as the State's only witness. Defendant did not testify or call any defense witnesses.

Officer Albino testified he responded to the motor vehicle accident and observed that one of the vehicles involved in the accident, a Ford, was overturned on private property. Officer Albino determined that defendant's vehicle, a Subaru, was making a left turn from Blanchard onto North Wyoming, when it collided with the Ford which was traveling southbound on North Wyoming. The impact caused the Ford to veer left, overturn, strike a tree, and come to rest on the lawn of a nearby residence. Blanchard is controlled by a stop sign at its intersection with North Wyoming. North Wyoming is a two-way

A-2797-22

road separated by a double yellow line and does not have a stop sign at its intersection with Blanchard.

According to Officer Albino, defendant stated he "stopped at the stop sign, came out, and his vision may have been obstructed." Defendant initially stated he was coming out of Blanchard to make a right onto North Wyoming but was "confused," and his view of the intersection was obstructed by a truck that was parked to his left along the shoulder of North Wyoming. Defendant later recalled he was making a left turn onto North Wyoming, not a right.

Officer Albino observed the truck defendant identified as the one obstructing his vision and determined it was parked legally on the shoulder of North Wyoming. Officer Albino stood at the corner of Blanchard and North Wyoming and concluded there were no visual obstructions, including the parked truck, that would have prevented a person turning left from Blanchard onto North Wyoming from seeing clearly at the intersection.

Based on his personal observations at the scene, Officer Albino concluded defendant's vehicle entered North Wyoming without having the right of way and hit the Ford traveling southbound on North Wyoming after the Ford had already entered the intersection. Specifically, Officer Albino testified "[b]ased upon the

3

crash investigation, . . . the Ford was in the lane of travel prior to [defendant]."

Officer Albino testified:

> [t]he facts of the crash report indicate . . . that the Ford was already in the lane of travel southbound on Wyoming as it was more of a sideswipe. When you do the accident investigation, if [defendant] was in fact in the intersection prior to [the collision] . . . that would have been a T mark and it would not have sent the Ford into the left off the road into the tree causing the turnover.
>
> Therefore, factually, with the construction going on of the accident itself, if it[ is] a sideswipe which is what we saw . . . with the accident investigation, that would mean that the Ford . . . was in that intersection prior to the Subaru which is [defendant's] vehicle.

At the conclusion of the trial, the municipal court judge found the State proved beyond a reasonable doubt defendant violated N.J.S.A. 39:4-90, imposed a $157 fine, and assessed court costs of $33. Defendant appealed his conviction to the Law Division. On March 16, 2023, the court heard oral argument. On April 6, 2023, the court issued a thorough and well-reasoned written opinion finding defendant guilty following de novo review and imposing the same sentence. The court gave great deference to the municipal court judge's finding that Officer Albino's testimony was "absolutely credible and forthright." After reviewing the record and the testimony of Officer Albino, the court found:

4

[b]ased upon the evidence presented at trial, including Officer Albino's testimony and [defendant's] statements against interest relayed to Officer Albino, the State has proven beyond a reasonable doubt, by direct and circumstantial evidence and through the logical inferences that this court is able to draw therefrom that [defendant] approached the intersection of Wyoming . . . and Blanchard . . . where he had a stop sign and had the duty to yield to the traffic on Wyoming . . . he stopped at the stop sign and then proceeded into the intersection, failed to properly yield the right of way to a vehicle already traveling on Wyoming . . . and struck said vehicle. This court finds . . . that the State has established by sufficient credible evidence and beyond a reasonable doubt that [defendant] is [guilty] de novo of violating N.J.S.A. 39:4-90.

Defendant presents the following arguments for our consideration:

POINT I: THE MUNICIPAL COURT INTERFERED WITH THE CONDUCT OF THE TRIAL, USURPING THE PROSECUTION'S ROLE AND PREVENTING PROPER CROSS-EXAMINATION; THE MUNICIPAL COURT INITIATED, ENDORSED AND RELIED UPON IMPROPER EXPERT TESTIMONY FROM A POLICE OFFICER; THE MUNICIPAL COURT SUPPORTED THE TESTIFYING POLICE OFFICER'S USE OF WRONG LEGAL DEFINITIONS; THE MUNICIPAL COURT IMPROPERLY USED WRONG LEGAL DEFINITIONS IN RENDERING ITS DECISION; THE MUNICIPAL COURT FAILED TO CONSIDER CREDIBLE EVIDENCE, CREDITED DUBIOUS TESTIMONY AND DID NOT HAVE SUFFICIENT EVIDENCE TO FIND DEFENDANT GUILTY.

5

POINT II: THE REVIEWING COURT ERRED BY CONTINUING TO CREDIT THE POLICE OFFICER'S TESTIMONY AS EXPERT AND CREDIBLE; THE REVIEWING COURT APPLIED THE WRONG LEGAL STANDARD IN [DETERMINING] DEFENDANT'S GUILT; THE REVIEWING COURT DID NOT CONSIDER THE BIAS AND IMPROPRIETIES OF THE JUDGE ON THE INTEGRITY OF THE TRIAL WHEN MAKING ITS DECISION.

When the Law Division conducts a trial de novo on a record previously developed in the municipal court, our review is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). The Law Division is "bound to give 'due, although not necessarily controlling, regard to the opportunity of a [municipal court judge] to judge the credibility of the witnesses.'" Ibid. (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 157 (1964)). We determine whether there is sufficient credible evidence present in the record to support the Law Division's conclusions. Ibid.

Moreover, when the Law Division concurs with the municipal court, the two-court rule applies. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, 474 (1999).

6

We affirm substantially for the reasons set forth in the court's written opinion. The court deferred appropriately to the municipal court judge's credibility findings and determined after de novo review of the record the State proved beyond a reasonable doubt defendant was guilty of failure to yield. We are satisfied there is sufficient credible evidence in the record to support the court's conclusions. We add the following comments.

We are not persuaded by defendant's argument that Officer Albino provided impermissible expert testimony. In State v. LaBrutto, 114 N.J. 187, 197-99 (1989), our Supreme Court upheld the admission of lay opinion testimony offered by a police officer about the point of impact between two vehicles based on the officer's personal observations of the accident scene, including the areas of damage to the vehicles and damage to a grassy shoulder. As the Court stated, "[c]ourts in New Jersey have permitted police officers to testify as lay witnesses, based on their personal observations and their long experience in areas where expert testimony might otherwise be deemed necessary." Id. at 198. The Court made clear that only in rare cases will determining the point of impact of a collision "involve such complicated technical and scientific evidence" that an accident reconstruction expert would be required. Id. at 199.

In this case, Officer Albino testified, based on his personal observations of the damage to the passenger side of the Ford and the position of the Ford when he arrived on the scene, that defendant's vehicle sideswiped the Ford while attempting to make a left turn into the intersection. Based on these observations, he determined the point of impact indicated the Ford entered the intersection before defendant's vehicle. The court properly determined Officer Albino's testimony was not expert testimony and considered the testimony as lay opinion testimony that was based on the officer's personal observations at the scene.

Defendant's claim that the State failed to produce discovery because it did not identify the witnesses it planned to call at trial lacks merit. Rule 7:7-7(b)(7) requires that defendants be provided with the "names, addresses, and birthdates of any persons whom the prosecuting attorney knows to have relevant evidence or information, including a designation . . . as to which of those persons the prosecuting attorney may call as witnesses." (emphasis added). The Rule does not compel the State to disclose what witnesses it will call at trial, nor does it require the identification of witnesses that will not be called at trial. The State opted to rely solely on the testimony of Officer Albino and was not required to call additional witnesses. Defendant does not identify any evidence or

information the State failed to disclose in discovery, and defendant was aware of the identities of the witnesses he contends the State failed to call at trial.

Defendant's contention that the municipal court judge improperly interfered with the conduct of the trial is not convincing. Pursuant to N.J.R.E. 614(b), "[t]he court may examine a witness regardless of who calls the witness." In State v. Medina, 349 N.J. Super. 108, 130-132 (App. Div. 2002), we held, "[t]rial judges are vested with the authority to propound questions to qualify a witness's testimony and to elicit material facts . . . ." Significantly, we noted there was no danger of the judge improperly influencing a jury because it was a bench trial. Ibid. Here, the municipal court judge asked questions during Officer Albino's testimony to elicit information he believed he needed as the fact finder. The municipal court judge did not improperly interfere with the trial by doing so.

Defendant's claim that the municipal court judge denied his right to conduct proper cross-examination is not supported by the record. There were numerous objections the judge was required to address during the examination, and the court also sought to clarify certain questions posed by counsel. Counsel, however, was given all the time she needed to conduct the examination and was permitted to continue her thorough cross-examination until she was satisfied it

was completed. The municipal court judge did not curtail defendant's right to cross-examination.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2797-22